UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENZHENSHI YIRANXIN TECHNOLOGY CO., LTD.,<br>Plaintiff,<br>v.<br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br>Defendants. | Case No.: 25-cv-1991-GPC-MSB<br>**ORDER DENYING MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**<br>**ECF NO. 21** |

On September 4, 2026, Plaintiff Shenzhenshi Yiranxin Technology Co., Ltd. filed a Motion for Limited Jurisdictional Discovery ("Motion").[1] ECF No. 21. The Court ordered Plaintiff's counsel to appear for a Discovery Conference regarding the Motion on September 16, 2026, at 9:30 a.m. but counsel failed to appear. ECF Nos. 22-23.

**I. Background**

On July 9, 2026, the Hon. Gonzalo P. Curiel denied Plaintiff's Motion for Default Judgment and Permanent Injunction because "Plaintiff has not shown that this Court

[1] Plaintiff captioned its Motion as "Renewed;" however, this is the only motion Plaintiff has filed for jurisdictional discovery.

can exercise personal jurisdiction over Defendants" ("July 9, 2026 Order Denying Motion for Default Judgment"). ECF No. 18 at 13. The Court adopts and incorporates the factual and procedural background set forth in the July 9, 2026 Order Denying Plaintiff's Motion for Default Judgment. Id. at 1-4.

**II. Legal Standard**

Generally, formal discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Courts, however, have made exceptions "in rare cases . . . permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (internal citations omitted). A plaintiff must show "good cause" for such early discovery. Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards). In evaluating whether a plaintiff establishes good cause for early discovery, courts must examine whether the plaintiff

(1) identifies the defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court,

(2) recounts the steps taken to locate and identify the defendant,

(3) demonstrates the action can withstand a motion to dismiss, and

(4) proves that the discovery is likely to lead to identifying information that will permit service of process.

Nat'l Prods., Inc. v. Does 1-4, No. C16-0702JLR, 2016 WL 2989971, at *2 (W.D. Wash. May 23, 2016); Columbia Ins. Co., 185 F.R.D. at 578-80.

**III. Discussion**

Plaintiff "moves for an order permitting limited jurisdictional discovery concerning Defendants' contacts with California and the United States, including information

necessary to determine whether Defendants are subject to general jurisdiction in any state and, if not, whether personal jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2).” ECF No. 21 at 1-2.

Plaintiff, however, does not explain what “steps [it has] taken to locate or identify the defendant.” See Nat'l Prods., Inc., 2016 WL 2989971, at *2 (finding plaintiff took sufficient steps to locate and identify John Doe defendants alleged to have sold infringing products through Amazon.com storefronts where plaintiff “repeatedly contacted Amazon.com, explaining the legal basis for [its] claims and requesting that Amazon.com identify John Does 1-4”).

Nor has Plaintiff shown “that the discovery is likely to lead to identifying information.” See id. (finding plaintiff’s proposed Federal Rule of Civil Procedure 45 subpoena to third-party Amazon.com requested “identifying information that [would] allow [plaintiff] to accomplish service of process on John Does 1-4” where plaintiff showed the Doe defendants “have contractual relationships with Amazon.com and are responsible for making payments to Amazon.com associated with their sales on Amazon.com’s website”). Plaintiff’s proposed document requests, however, are not limited to discovering only facts necessary to establish jurisdiction. See ECF No. 21 at 15-18 (proposed Requests for Production requesting documents for subject matters other than Defendant(s) true identity(ies), place(s) of business, whether they have sold products in the United States and, if so, which states they have shipped products to). Moreover, Plaintiff seeks to propound these document requests to Defendants against whom default has been entered. Id. at 15-18. It is unlikely defendants that did not respond to a summons and complaint will respond to document requests.

/ /

/ /

/ /

/ /

## IV. Conclusion

Based on the foregoing, Plaintiff's Motion is DENIED. Nat'l Prods., Inc., 2016 WL 2989971, at *2.

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

Dated: September 18, 2026

Honorable Michael S. Berg
United States Magistrate Judge